# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-270 DDP(JC) | Date | February 25, 2011 |
|---|---|---|---|
| Title | Kurt Fuhrmann v. CHP Officers, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none | none |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: JURISDICTION**

On February 15, 2011, plaintiff Kurt Fuhrmann, who is at liberty and has paid the filing fee, filed a *pro se* complaint ("Complaint") on a "Civil Rights Complaint" form, naming as defendants CHP Officers Cederlind and Laubsher in their individual and official capacities. The Complaint contains the following claims, all of which appear to be state law tort claims:[1] (1) false arrest; (2) false imprisonment; (3) assault; (4) battery; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) interference with prospective economic advantage; (8) libel; (9) libel per se; and (10) respondeat superior.

Federal courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. District courts have original jurisdiction over: (1) civil actions against foreign states; (2) civil actions arising under the Constitution, laws or treaties of the United States; and (3) civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1330, 1331, 1332.

As it appears that plaintiff raises only state law tort claims, IT IS ORDERED that the plaintiff shall show cause in writing, on or before **March 14, 2011**, why this case should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff is cautioned that the failure to comply with this order and/or to show cause, may result in a recommendation to dismiss this case for lack of subject matter jurisdiction. In the event, in light of the contents of this order, plaintiff believes it is appropriate to dismiss this federal action (without prejudice to raising his state law claims in state court), plaintiff may instead of filing a response to this order to show cause, sign and return the attached voluntary dismissal form by March 14, 2011.**

IT IS SO ORDERED.        Initials of Deputy Clerk: KC

---

[1] Although petitioner references the Eighth Amendment prohibition against cruel and unusual punishment in the portion of the Complaint form which calls for plaintiff to state the basis for the Court's jurisdiction, the Eighth Amendment's prohibition against cruel and unusual punishment applies only after conviction and sentence. See Graham v. Connor, 490 U.S. 386, 393 & n.6 (1989). Plaintiff is at liberty and does not appear to complain about events which occurred following a conviction and sentence. Thus, the Eighth Amendment is not an appropriate jurisdictional predicate.